FILED
2022 Mar-02  PM 02:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| EVERETT LEON STOUT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.  1:20-cv-00812-LSC-HNJ |
| | ) | |
| WARDEN GWENDOLYN GIVENS, | ) | |
| et al., | ) | |
| | ) | |
| Respondents. | | |

### ORDER

On March 4, 2021, the undersigned denied without prejudice Petitioner Everett Leon Stout's motion seeking immediate release from imprisonment, (doc. 4), as duplicative of the relief sought in Stout's habeas petition, (doc. 1). (Doc. 14). Stout's habeas petition, (doc. 1) is still pending. Stout filed a Motion to Recuse on March 17, 2021, seeking the recusal of Judge Corey L. Maze and the undersigned. (Doc. 15 at 1, 9). For the reasons that follow, Stout's motion merits denial.

Stout's motion as to Judge Maze warrants denial as moot. Judge Maze recused himself on March 26, 2021, (doc. 16), and the Clerk of Court re-assigned the case to Judge L. Scott Coogler that same day, (doc. 17).

Stout argues that the undersigned is not impartial because of the order directing Stout to file an amended habeas petition on the standard form, (doc. 2 at 1), and that order's instruction that Stout should include all claims he intends to raise in the

amended petition, i.e., the amended petition "should be entirely self-contained" and should not simply refer back his original petition, (doc. 2 at 1). (*See* Doc. 15 at 7-8). The order did not preclude Stout from including the allegations in his original habeas petition in his amended petition. (*See* Doc. 2). Stout further argues that the undersigned "has consistently acted on behalf of the State of Alabama….as if he had a personal interest in the outcome of the case." (Doc. 15 at 8).

Nothing in the foregoing provides a basis for recusal. A magistrate judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). Section 455 warrants recusal where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *U.S v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013) (quotation marks and citations omitted). Moreover, the judge's bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *U.S. v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (quotation marks and citations omitted). An adverse ruling does not provide sufficient grounds for doubting a judge's impartiality. *Id.*

Similarly, 28 U.S.C. § 144 provides for judicial disqualification where a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any

2

adverse party." 28 U.S.C. § 144. "Before a judge recuses [himself], a § 144 affidavit must be strictly scrutinized for form, timeliness, and sufficiency." *U.S. v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015) (quotation marks and citations omitted). The affidavit must allege facts that "would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

Having considered Stout's motion, 28 U.S.C. § 144, and 28 U.S.C. § 455, the undersigned finds no basis in the record justifying recusal. The mere fact that the undersigned previously ruled against Stout does not equate to bias. *Berger*, 375 F.3d at 1227. Therefore, the court **DENIES** Stout's Motion to Recuse, (doc. 15).

**DONE** and **ORDERED** this 2nd day of March, 2022.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE

3